IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr55

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| KHOA NGUYEN | ) | |
| | ) | |

On May 9, 2006 Defendant Khoa Nguyen pleaded guilty to one count of conspiracy to distribute a controlled substance, an offense for which a term of imprisonment of more than ten years is prescribed in the Controlled Substances Act. Thereafter, the defendant moved for release pending sentencing. (Doc. No. 103). On May 24, the Court conducted a hearing on the motion. Because the defendant was subject to the detention provisions of 18 U.S.C. § 3143(a), and did not qualify for any of the exceptions contained in § 3143(a)(2), the Court denied the defendant's motion. The Court, however, invited the defendant to submit any authority suggesting the Court had discretion regarding his detention.

The defendant re-filed his motion for release pending sentencing. (Doc. No. 116). While the defendant concedes that the express language of § 3143 requires detention, he contends that § 3145(c) creates an "exception to the language requiring detention in post-plea drug cases under 18 U.S.C. § 3143," by permitting release pending sentencing in cases where a "judicial officer" determines that "exceptional reasons" exist that make detention inappropriate. The defendant acknowledges that there is some ambiguity whether the section gives this Court independent original jurisdiction to apply § 3145(c). He notes, however, that the majority of courts that have considered the issue have concluded that *district courts* have the authority to determine whether

1

there are "exceptional reasons."[1] He contends that these cases provide ample authority for the Court to conclude the same. Notwithstanding the cases cited by the defendant, the plain-reading of the statute as well as the well-reasoned decisions in United States v. Salome, United States v. Nesser, and United States v. Chen,[2] compels the Court to conclude that the "jurisdiction established by § 3145(c) is appellate jurisdiction, not original jurisdiction to act independently." Salome, 870 F.Supp. at 653. Accordingly, this Court lacks the authority pursuant to § 3145(c) to determine whether there are "exceptional reasons" that make the defendant's release pending sentencing appropriate. Therefore, the defendant's motion is denied.

ANALYSIS

Title 18, United States Code, Section 3145(c) provides that a defendant who is subject to detention pursuant to § 3143(a)(2), may be released if he posses neither risk of flight nor danger to the community and there are "exceptional reasons" that make detention inappropriate. It reads:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

---

[1] See United States v. Garcia, 340 F.3d 1013, 1014 n. 1 (9th Cir.2003); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993); United States v. Jones, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir.1992) (per curiam); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam); United States. v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carretero, 1999 WL 1034508 at *4 (N.D.N.Y. Nov. 4, 1999); United States v. Burnett, 76 F.Supp.2d 846, 847-49 (E.D. Tenn. 1999).

[2] See United States v. Chen, 257 F.Supp.2d 656 (S.D.N.Y. 2003); United States v. Nesser, 937 F.Supp. 507, 508-09 (W.D. Pa. 1996); United States v. Salome, 870 F.Supp. 648, 652-53 (W.D. Pa.1994), aff'd without opinion, 96 F.3d 1436 (3d Cir. 1996).

For the reasons that follow, the district court lacks authority to order release upon its finding of "exceptional reasons."

First, as the language of the statute makes plain, § 3145(c) is not available absent "an appeal from a release or detention order." Both the title of the section ("appeal from a release or detention order") and the use of the word "appeal" in place of "review" indicate that the section concerns the authority of only *appellate* courts to release a defendant, and does not permit any action by a district court. Chen, 257 F.Supp.2d at 660.

Second, the overall structure and logical progression of § 3145 invites the conclusion that subsection 3145(c) applies only to appellate courts. As both the Nesser and Salome courts observe, § 3145 is divided into three subsections. Sections 3145(a) and (b) respectively concern a district court's "review" of orders concerning conditions of release and detention entered by "a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." Section 3145(c), however, governs an "*appeal from a release or detention order, or from a decision denying revocation or amendment of such an order.*" (emphasis added). Thus, § 3145 provides for "review" by "the court having original jurisdiction over the offense," §§ 3145(a) and (b), and progresses to a right to an "appeal" from a release or detention order, § 3145(c). Nesser, 937 F.Supp. at 509. A chart of the statutory structure would look something like this:

| 18 U.S.C § 3145 | | | |
|---|---|---|---|
| **Statute** | **Nature of Action** | **Subject** | **Court** |
| Section 3145(a) | review | Release Order | District Court |
| Section 3145(b) | review | Detention Order | District Court |
| Section 3145(c) | Appeal | Release or Detention Order | Appellate Court |

Additionally, as the Nesser and Salome courts point out, an appeal from a release or detention order under § 3145(c) is expressly governed by the provisions of 28 U.S.C. § 1291 and 18 U.S.C. § 3731, both of which relate solely to review of a final order of a district court by a court of appeals. Moreover, after specifying that an appeal from a release or detention order is governed by these two statutes, the "exceptional reasons" provision immediately follows. Chen, 257 F.Supp.2d at 661. The Nesser court found the references to these other two statutes to be an "unmistakable indication that such an appeal is appropriately taken to the courts of appeals. Otherwise, the first sentence of § 3145(c) makes no sense. It is not logical to construe the first sentence as giving the district courts power to hear appeals (from themselves, no less) pursuant to two statutes whose purpose is to establish the scope of jurisdiction for courts of appeal." 937 F.Supp. at 509. Likewise, the Salome court concluded "[i]n light of this language it is illogical to postulate that a district court should apply § 3145(c) when initially ruling on a release or detention order." 870 F.Supp. at 652.

Finally, while both §§ 3145(a) and (b) contain references to judicial decision-makers "other than a Federal appellate court," § 3145(c) omits this language. The natural and justifiable conclusion to draw from this structure is that the "other than a Federal appellate court" language is left out of § 3145(c) because Congress was addressing federal appellate courts in that section, and so did not need to separately distinguish them. Nesser, 937 F.Supp.2d. at 509.

The Court is aware that many circuit and district court opinions from outside of the Fourth Circuit have reached the opposite conclusion. However, as these are not binding precedents, the Court writes on a clean slate. And the Court finds that the analysis by the minority courts "stands on firmer ground." Chen, 257 F.Supp.2d. at 661. In fact, the latter cases are rooted in logic and proper principles of statutory construction.

In contrast, an examination of some of the majority courts' opinions reveals that they uniformly provided cursory or conclusory treatment. In particular, the Court finds that the opinions in such cases as United States v. Carr and United States v. Herrera-Soto, which provide the most in depth analysis of the district court authority to use § 3145(c), ignore the plain language of § 3145, as well as well-settled principles of statutory construction by holding that "judicial officer" encompasses both lower courts and courts of appeal since § 3143 uses the term "judicial officer" to refer to the individuals who initially order mandatory detentions. See Nessar and Chen, supra (deconstructing the reasons proffered in Carr).

Further examination of many of the majority courts' opinions reveals that they often declined independent statutory analysis "in favor of reliance on stare decisis." Nessar, 937 at 509; See United States v. Carr, 947 F.2d 1239, 1240 (5th Cir.1991) (per curiam) (finding term "judicial officer" includes both district and appellate judges); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir.1992) (per curiam) (same); United States. v. DiSomma, 951 F.2d 494, 496 (2d Cir.1991); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir.1993) (accepting without analysis that a district court may utilize § 3145(c)); United States v. Garcia, 340 F.3d 1013, 1014 n. 1 (9th Cir.2003) (agreeing with analysis that district courts may consider whether exceptional reasons justify bail, without undertaking independent analysis). "[T]his circle of decisions, however well-intentioned, reflects a certain circularity of reasoning." United States v. Bloomer, 791 F.Supp 100, 102 n.1.

Moreover, some of the district courts in the majority concede that according to basic principles of statutory construction, § 3145(c) likely should not be available to district or magistrate judges. However, for reasons of stare decisis and "the overwhelming weight of contrary authority" they have held that district courts may apply § 3145(c). See, e.g., Burnett, 76

F.Supp.2d at 847-49 ("[w]hile the Court finds the analysis of the Western District of Pennsylvania logical and persuasive, the Court notes the great weight of authority has reached a contrary conclusion, although in most cases in a peremptory manner without any detailed comment or analysis."); United States v. Devinna, 5 F.Supp.2d 872, 873 (E.D.Cal. 1998) (finding Salome and Nesser to be "persuasively reasoned" but following the "overwhelming weight" of the five circuit opinions); United States v. Cantrell, 888 F.Supp. 1055, 1057 (D.Nev. 1995) (same); Bloomer, 791 F.Supp. at 102 ("opining that § 3145(c) by its very provisions applies exclusively to reviewing courts and not to courts which initially ordered release or detention").

In sum, the Court finds it would be curious to have a "two-tiered" process for determining detention review, by which a district court would hear appeals from its own detention orders. Furthermore, the Court finds implausible a reading of statutes that requires detention in the first instance absent certain narrow exceptions (§ 3143), and then a right of appeal to the same court for release on broader and different grounds (§ 3145(c)). Such strained exegesis could not have been contemplated by Congress.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Release Pending Sentencing is DENIED.

Signed: June 8, 2006

Robert J. Conrad, Jr.
Chief United States District Judge